IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ARTEAGA,

    Plaintiff,                    No. CIV S-03-1004 FCD KJM P

    vs.

EDWARD ALAMEIDA, et al.,

    Defendants.           ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On February 11, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff and defendants have filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (docket no. 75) are adopted as described below.

2. The action against defendant Stone is dismissed.

3. The cause of action based on California Penal Code section 2932 is dismissed for failure to state a claim.

4. Summary judgment is granted as to the following claims:

   a. That plaintiff was denied due process because he was not assigned a staff assistant and not permitted to call witnesses at the ICC hearing;

   b. That plaintiff was denied due process when the confidential material was not released to him;

   c. That the evidence used to validate plaintiff met the "some evidence" standard;

   d. That plaintiff was denied due process because he was not issued rules violation reports for his gang activities;

   e. That plaintiff was denied due process when he was not issued a receipt for property seized from his cell; and

   f. That plaintiff was denied a meaningful classification review.

5. Summary judgment is denied as to the following claims:

   a. That plaintiff was denied a meaningful hearing before the ICC; and

   b. That plaintiff was not afforded an informal hearing with the IGI before being placed in segregation.

/////
/////
/////
/////

6. The case is remanded to the magistrate judge to allow defendants to seek summary judgment on plaintiff's claims that the gang regulations are vague and overbroad. Any such motion should be filed within thirty days of the date of this order, with opposition due within thirty days following service of the motion and a reply, if any, within twenty-one days of the service of the opposition.

7. Dates for the submission of pretrial statements, pretrial conference and trial shall be set by separate order, following resolution of the dispositive motion on the question of the regulations.

DATED: March 18, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE